UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO. 22-20090-CV-WILLIAMS

STARSHIP 1, LLC,

    Plaintiff,

v.

SKY SUPPORT LLC, *et al.*,

    Defendants.

_____/

### ORDER

**THIS MATTER** is before the Court on Starship 1, LLC's ("***Plaintiff***" or "***Counter-Defendant***") Motion to Dismiss (DE 35) ("***Motion to Dismiss***") Counts V and VI of Sky Support, LLC's ("***Sky Support***") and Reliable Jet Maintenance, LLC's ("***RJM***" or together with Sky Support, "***Defendants***" or "***Counter-Plaintiffs***") Counterclaim (DE 33). Counter-Plaintiffs filed a Response in Opposition (DE 40), to which Counter-Defendant filed a Reply (DE 42). For the reasons set forth below, the Motion to Dismiss is **DENIED**.

    **I.**    **BACKGROUND**

Plaintiff is the owner of "one (1) Bombardier Inc. Challenger 601, Model C1600-2B16 (CL601-3A), Serial Number 5086, Aircraft, Registration Number N723GH, and other such equipment or property installed thereon or therein" ("***Aircraft***"). (DE 1 at 3.) Plaintiff is in the business of leasing the Aircraft to third parties for on-demand charter services. (*Id.*) In January 2021, Plaintiff contracted with Defendants to perform maintenance on the Aircraft for around $248,000.00. (DE 1 at 6, 22; DE 33 at 2.) After Defendants provided Plaintiff with the initial cost of maintenance, Defendants sent Plaintiff a revised estimate,

which increased the initial price of maintenance by around $130,000.00. (DE 1 at 7; DE 33 at 3.) As of June 2021, Plaintiff had paid Defendants $309,000.000 (DE 1 at 6–7), but allegedly still owed Defendants $78,574.02. (DE 33-3; DE 33 at 3.)

In July 2021, Defendants recorded a Claim of Lien in the public records of Miami-Dade County, Florida ("**M-D Lien**") and with the Federal Aviation Administration ("**FAA Lien**") against the Aircraft for monies due for labor, materials, repairs, fuel, and services in the amount of $78,574.02. (DE 33 at 3; DE 33-4.)[1] Both liens were signed by Greg Wright, the General Manager of Sky Support on July 6, 2021 and notarized on July 7, 2021. The M-D Lien, which was recorded on July 16, 2021, describes the Aircraft as follows:

```
Manufacturer/Model: Challenger 601;
Registration number: N723GH; S/N: 5086
Engine #1: Model: CF-34-3A; S/N: 350158.
Engine #2: Model: CF-34-3A2; S/N: 350217.
Auxiliary Power Unit (APU): Model: GTCP36-100(E); S/N: P-372.
```

(DE 33-4 at 3.) The FAA Lien, which was recorded on July 20, 2021, provides the following revised, handwritten description of the Aircraft:

```
Manufacturer/Model: ~~Challenger 601;~~ Bombardier Inc CL600-2B16 CCL 601-3A
Registration number: N723GH; S/N: 5086
Engine #1: ~~Model: CF-34-3A; S/N: 350158.~~ Make/Model: GE CF-34-3A S/N 350158
Engine #2: ~~Model: CF-34-3A2; S/N: 350217.~~ Make/Model: GE CF-34-3A S/N 350217
Auxiliary Power Unit (APU): Model: GTCP36-100(E); S/N: P-372.
```

(*Id.* at 2.)

---

[1] While, in ruling on a motion to dismiss, a district court is generally limited to the allegations contained within the four corners of the complaint, a district court may also "consider exhibits attached to a complaint." *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016).

On January 7, 2022, Plaintiff filed a multi-count Complaint against Defendants relating to the maintenance and repair work Defendants were contracted to perform on Plaintiff's Aircraft. (DE 1.) Generally, Plaintiff alleges that Defendants included additional "unauthorized" areas of work in the revised invoices and never completed the originally contracted-for work. (*Id.* at 8.) Plaintiff seeks to recover damages for: piercing the corporate veil against both Defendants (Count I); fraudulent lien against Sky Support (Count II); fraud in the inducement against both Defendants (Count III); breach of contract against RJM (Count IV); unjust enrichment against both Defendants (Count V); violation of the Florida Deceptive and Unfair Trade Practices Act against both Defendants (Count VI); civil conspiracy against both Defendants (Count VII); and negligence against both Defendants (Count VIII).[2] (*Id.* at 15–35.)

Following the Complaint, Defendants/Counter-Plaintiffs filed a Counterclaim against Plaintiff/Counter-Defendant arising from the same maintenance and repair work Counter-Plaintiffs were contracted to perform on Counter-Defendant's Aircraft. (DE 33.) Generally, Counter-Plaintiffs contend that Counter-Defendant failed to compensate them for work performed on the Aircraft. Counter-Plaintiffs allege actions for breach of contract (Count I); account stated (Count II); open account (Count III); unjust enrichment (Count IV); foreclosure of claim of lien (Count V); and replevin (Count VI). (*Id.*) Counter-Defendant moves to dismiss only Counts V and VI of the Counterclaim. (DE 35.)

---

[2] Defendants each moved to dismiss the Complaint. (DE 10; DE 11.) The Court granted the motion in part and dismissed Count I (piercing the corporate veil) and Count VIII (negligence). (DE 30.) Plaintiff did not file an amended complaint and therefore proceeds on Counts II through VII of its original Complaint. (DE 1.)

## II.     LEGAL STANDARD

To survive a motion to dismiss, a complaint must plead sufficient facts to state a claim that is "plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The court must accept factual allegations as true and draw reasonable inferences in the plaintiff's favor. *See Speaker v. U.S. Dept. of Health and Human Servs. Ctrs. for Disease Control and Prevention*, 623 F.3d 1371, 1379 (11th Cir. 2010). While Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief," the complaint must include "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 555). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* Rule 12(b)(6) does not allow dismissal of a claim because the court anticipates "actual proof of those facts is impossible"; however, the "[f]actual allegations must be enough to raise a right of relief above the speculative level." *Watts v. Fla. Int'l Univ.*, 495 F.3d 1289, 1295 (11th Cir. 2007) (quoting *Twombly*, 550 U.S. at 545).

## III.    DISCUSSION

In its Motion to Dismiss, Counter-Defendant argues that both the M-D Lien and the FAA Lien are "facially deficient," identifying deficiencies with the notarization of the liens and the description of the Aircraft contained within the liens. Due to these deficiencies, Counter-Defendant argues that Counter-Plaintiffs failed to comply with Sections 329.01 and 329.51, Florida Statutes,[3] and therefore, their lien foreclosure and replevin actions

---

[3] Perfection of an aircraft lien under Florida law requires a "two-step filing process." *In re Tradewinds Airlines, Inc.*, 394 B.R. 614, 620 (Bankr. S.D. Fla. 2008). A lienor must file its

both fail. Counter-Plaintiffs argue generally that Counter-Defendant's Motion to Dismiss is an attack on the merits of the suit disguised as a Motion to Dismiss.

While a motion to dismiss tests the facial sufficiency of a complaint, *see Tower Ins. Co. of N.Y. v. Aledith Enters., Inc.*, 2013 WL 12064483, at *2 (S.D. Fla. Sept. 30, 2013), a district court may also consider any exhibits attached to a complaint. *Hoefling v. City of Miami*, 811 F.3d 1271, 1277 (11th Cir. 2016). Therefore, if the liens, which are attached as exhibits to the Counterclaim, are facially void, as Counter-Defendant suggests, then dismissal of the lien foreclosure and replevin actions could be appropriate at the motion to dismiss stage. If, however, the lien foreclosure and replevin actions and the underlying lien documentation, when viewed in the light most favorable to Counter-Plaintiffs, are sufficient to state a claim for which relief may be granted, then dismissal is improper at the motion to dismiss stage. Here, the Court finds that Counter-Plaintiffs have sufficiently stated a claim for lien foreclosure and replevin.

Counter-Defendant argues that there are issues with the notarization of the liens and that the Aircraft's description is inconsistent within the two liens. The Court addresses each argument in turn. First, Counter-Defendant asserts that the notarization is invalid because the notary, Carrie Sicina, signed the lien on July 7, 2021, one day after the declarant, Greg Wright, signed the lien, and failed to indicate whether the declarant is personally known to her or produced identification. However, neither "deficiency" renders

---

verified lien in both "the office of Federal Aviation Administration of the United States," Fla. Stat. § 329.01, and "the county where the aircraft was located at the time of the labor, services, fuel, or material was last furnished," Fla. Stat. § 329.51. Additionally, under Section 329.51, the Lien must contain a "description of the aircraft upon which the lienor has expended labor, services, fuel, or material." *Id.*

the lien void. As to the former, Counter-Defendant cites to no Florida Statute requiring that a signatory/declarant execute a document in front of and on the same date as a notary. Conversely, the applicable statute requires only that the signatory appear before the notary public at the time of the notarization. Fla. Stat. § 117.107(9) ("A notary public may not notarize a signature on a document if the person whose signature is being notarized does not appear before the notary public either by means of physical presence or by means of audio-video communication technology as authorized under part II of this chapter at the time the signature is notarized."); *see also The Fla. Bar v. Farinas*, 608 So. 2d 22, 24 (Fla. 1992) ("[T]he signee need not actually execute the document before the notary, the signee must personally appear before the notary at the time the signee acknowledges that he or she executed the document.") (citation omitted). Because there is no allegation that Mr. Wright did not physically appear before Ms. Sicina on July 7, 2021 to verify his signature, the lien is not voided by the fact that Mr. Wright signed the document on July 6, 2021, the day before Ms. Sicina notarized it.

As to the latter, the fact that Ms. Sicina failed to indicate whether Mr. Wright is personally known to her personally or produced identification is statutorily improper. Fla. Stat. § 117.05(4) ("When notarizing a signature, a notary public shall complete a jurat or notarial certificate . . . The jurat or certificate of acknowledgment shall contain the following elements . . . The specific type of identification the notary public is relying upon in identifying the signer, either based on personal knowledge or satisfactory evidence."). However, previous courts have stated that a notary's failure to include this requisite information is a mere clerical error that does not render an otherwise valid lien void. *See In re Henry*, 200 B.R. 59, 63 (Bankr. M.D. Fla. 1996) (stating that "the omission of party

identification from the notary acknowledgment is a clerical error which does not affect the rights or obligations of the parties"); *see also Eaves v. Work Force Cent. Fla.*, 2014 WL 11456304, at *10 (M.D. Fla. May 30, 2014) (finding that "child support petition was not void for failing to indicate the type of identification relied upon to verify the plaintiff's identity"). Because the notary otherwise complied with her statutory obligations when notarizing the verified claim of lien, the Court finds that the notary's failure to indicate whether Mr. Wright is known to her personally or produced identification was an oversight that does not invalidate the lien.

Second, Counter-Defendant points out that the description contained within the M-D Lien is different from the description contained within the FAA Lien, which, Counter-Defendant argues, "renders both documents void: the M-D Lien because it is wrong as to the description of the aircraft and the FAA Lien [because it] was materially altered after the notary affixed her signature and stamp to the jurat." (DE 35 at 4.) Counter-Defendant goes on to argue that "the fact that the M-D Lien was altered *after* Greg Wright made his declaration, verified by the notary, and then filed and recorded with the FAA, renders both liens are [sic] 'unenforceable and void *ab initio*.'" (DE 33 at 4 (citing *In re Pope*, 631 B.R. 55 (Bankr. M.D. Fla. 2021).)[4] The Court disagrees.

As is alleged by Counter-Plaintiffs and supported by the liens attached to the Counterclaim (DE 33; DE 33-4), Counter-Plaintiffs recorded their lien with the FAA and in

---

[4] *In re Pope*, 631 B.R. 55 (Bankr. M.D. Fla. 2021), the sole case that Counter-Defendant relies on to support its argument that the liens are "void *ab initio*," was reversed by the Middle District of Florida in *In re Pope*, 2022 WL 16859665 (M.D. Fla. Sept. 22, 2022). Additionally, the *Pope* cases—premised on mortgage law—are not directly applicable because the facts are distinguishable and the statutes, case law, and principles relating to mortgages do not necessarily apply to aircraft liens.

Miami-Dade County, the county where the maintenance took place. Additionally, as required by Section 329.51, the M-D Lien contains a description of the Aircraft. Any dispute regarding the accuracy of the complete description of the Aircraft contained in the lien(s) is not an appropriate determination on a motion to dismiss. Moreover, Counter-Defendant has not provided the Court with any authority to suggest that the handwritten information on the FAA Lien invalidates the Lien and negates Counter-Plaintiffs' alleged compliance with the Florida statutory requirements. Accordingly, when viewed in the light most favorable to Counter-Plaintiffs, Counter-Plaintiffs have stated plausible claims for lien foreclosure and replevin.

## IV.    CONCLUSION

For the foregoing reasons, it is **ORDERED AND ADJUDGED** that Counter-Defendant's Motion to Dismiss (DE 35) is **DENIED**.

**DONE AND ORDERED** in Chambers in Miami, Florida, this 24th day of May, 2023.

KATHLEEN M. WILLIAMS
UNITED STATES DISTRICT JUDGE