UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 22-20090-Civ-Williams/Sanchez

STARSHIP 1, LLC,

    Plaintiff,

v.

SKY SUPPORT, LLC and
RELIABLE JET MAINTENANCE, LLC,

    Defendants.
_____/

## REPORT AND RECOMMENDATION ON DEFENDANTS' MOTION TO STRIKE

This matter is before the Court on the Defendants' Motion to Strike. ECF No. 43. In that motion, the Defendants seek to strike the Plaintiff's November 17, 2022, and December 12, 2022, expert witness lists and the experts identified in those lists, and to preclude the Plaintiff's use of opinion testimony from those experts. On January 27, 2023, the Honorable Kathleen Williams referred the Motion to Strike to the undersigned for a report and recommendation.[1] After careful consideration of the parties' filings and relevant authority, and for the reasons discussed below, it is hereby recommended that the Defendants' Motion to Strike be **GRANTED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

On June 13, 2022, Judge Williams entered a Scheduling Order requiring the Plaintiff to disclose "experts, expert witness summaries and reports" by October 28, 2022. ECF No. 21 at 2. Judge Williams' Scheduling Order explicitly stated that "[a]ny party seeking to change any of the

---

[1] The instant motion was originally referred to Magistrate Judge Chris M. McAliley for a report and recommendation, ECF No. 46, but was later reassigned to the undersigned for the same purpose. ECF No. 57.

above deadlines must file a Motion to Continue or Motion for Extension of Time." ECF No. 21 at 6.

The Plaintiff, however, did not comply with the October 22 deadline and instead served the Defendants with its first expert witness list on November 17, 2022—20 days after the court-ordered deadline. ECF No. 43-1 at 2. That list named Don St. George and Robert H. Hans as experts. ECF No. 43-1 at 1. The Plaintiff stated that Mr. St. George would testify about "Aircraft Maintenance Processes and Procedures; Conformity to Regulations; Aircraft Inspections, scheduled and non-scheduled; FAA Regulations related to Maintenance and all other issues related to Aviation as raised in the Complaint" and that Mr. Hans would testify about "Operations of Aircraft; Aircraft ownership; aircraft expenses; aircraft business operations." *Id.* The Plaintiff's first expert witness list also referenced unnamed "Additional Aviation experts" and a "CPA/Accounting expert" that were described as "Unknown at this time." *Id.* at 1-2. The Plaintiff did not provide any expert witness reports and did not otherwise disclose the information required under Rule 26(a)(2)(B).

Thereafter, on December 12, 2022, the Plaintiff served the Defendants with an amended expert witness list that again listed Mr. St. George and Mr. Hans, and an additional expert, Quentin Brasie. ECF No. 43-2. That amended expert witness list was served 45 days after the deadline that Judge Williams had imposed. *See* ECF No. 21 at 2. Although the amended expert list provides some description of two of the listed experts' qualifications, *see* ECF No. 43-2, it again omitted the required expert witness reports and the additional information it was required to disclose under Rule 26(a)(2)(B). It is these continuing deficiencies that serve as the grounds for the Defendants' Motion to Strike. ECF No. 43.

After the Defendants filed their Motion to Strike, the undersigned directed the Plaintiff to submit a status report addressing the Plaintiff's expert witness disclosures. ECF No. 72. Among other things, the undersigned ordered the Plaintiff to indicate "[f]or each of the three expert witnesses . . . whether a written expert report was provided to the Defendants." *See* ECF No. 72 at 1-2. In response, on April 10, 2023, the Plaintiff stated that it had not provided any expert reports to the Defendants and claimed that its "ability to obtain reports have [sic] been hampered by Defendants [sic] failure to comply with [the Plaintiff's] discovery requests." ECF No. 73 at 1. The Plaintiff also reported that, out of the three previously listed expert witnesses, it had only retained Mr. St. George. ECF No. 73 at 1-2. By that time, almost six months had passed since the deadline for the Plaintiff to disclose its experts' written reports. ECF No. 21. Significantly, the discovery period in this matter closed on April 28, 2023, ECF No. 64, and the Plaintiff has still not indicated that it has provided any expert report or information about its experts' opinions to the Defendants.

## II.     LEGAL ANALYSIS

The Defendants argue that the Plaintiff's expert witness list and the experts disclosed therein should be stricken and that those experts should be precluded from testifying at trial because the Plaintiff failed to comply with Judge Williams' Scheduling Order, ECF No. 21, and the requirements of Rule 26(a)(2)(B).[2] ECF No. 43 at 2-3; ECF No. 47 at 2.

Rule 26 provides that "a party must disclose to the other parties the identity of any witness it may use at trial to present [expert witness testimony]." Fed. R. Civ. P. 26(a)(2)(A). These expert witness "disclosure[s] must be accompanied by a written report—prepared and signed by the

---

[2] Although the Plaintiff has not withdrawn its opposition to the Defendants' Motion to Strike, the undersigned notes that none of the experts that the Plaintiff had previously listed have been listed by the Plaintiff on its trial witness list. *See* ECF No. 111.

witness—if the witness is one retained or specifically employed to provide expert testimony in the case." Fed. R. Civ. P. 26(a)(2)(B). The written report must contain:

> (i) a complete statement of all opinions the witness will express and the basis and reasons for them;
>
> (ii) the facts or data considered by the witness in forming them;
>
> (iii) any exhibits that will be used to summarize or support them;
>
> (iv) the witness's qualifications, including a list of all publications authored in the previous 10 years;
>
> (v) a list of all other cases in which, during the previous 4 years, the witness testified as an expert at trial or by deposition, and
>
> (vi) a statement of the compensation to be paid for the study and testimony in the case.

Fed. R. Civ. P. 26(a)(2)(B)(i)-(vi). "'Disclosure of expert testimony' within the meaning of the federal rule contemplates not only the identification of the expert, but also the provision of a written report containing 'a complete statement of all opinions' and 'the basis and reasons therefore.'" *Reese v. Herbert*, 527 F.3d 1253, 1265 (11th Cir. 2008) (citing Fed. R. Civ. P. 26(a)(2)(B)). Rule 26 further requires that the parties make the disclosures "at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Pursuant to Judge Williams' Scheduling Order, the Plaintiff's expert witness disclosures, including summaries and reports, were due on October 28, 2022. ECF No. 21 at 2.

"If a party fails to provide information or identify a witness as required by Rule 26(a) . . . the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1); *see also Taylor v. Mentor Worldwide LLC*, 940 F.3d 582, 593 (11th Cir. 2019) ("Rule 37 gives a trial court discretion to decide how best to respond to a litigant's failure to make a required disclosure under Rule 26.").

4

Moreover, Rule 16 allows "for sanctions where, *inter alia*, a party fails to obey a scheduling order." *See Nettles v. Daphne Utils.*, 689 F. App'x 925, 927 (11th Cir. 2017) (citing Fed. R. Civ. P. 16(f)(1)(C)); *see also Paramount Disaster Recovery LLC v. Amica Mut. Ins. Co.*, No. 16-14566-CIV-Rosenberg/Maynard, 2017 WL 5705996, at *2 (S.D. Fla. Aug. 22, 2017) ("A scheduling order is not a frivolous piece of paper, idly entered, which can be cavalierly disregarded by counsel without peril.") (citation omitted). Lastly, Local Rule 16 states that "the parties are required to comply with any pretrial orders by the Court . . . establishing deadlines by which the parties' counsel must . . . exchange reports of expert witnesses." S.D. Fla. L.R. 16.1(b)(6).

As an initial matter, there is no dispute that the Plaintiff's expert witness list was untimely, omitted the required expert written reports, and omitted all of the information that the Plaintiff was required to disclose under Rule 26(a)(2)(B). *See* ECF No. 43-1 at 2 (list served on the Defendants on November 17, 2022); ECF No. 43-2 (list served on the Defendants on December 12, 2022, which reported that Plaintiff's expert, Don St. George, "ha[d] not yet prepared his expert witness report" and provided no information about any other expert report); *see also* ECF No. 43 (stating that neither of the Plaintiff's expert witness lists included the experts' written reports); ECF No. 45 (failing to dispute that the Plaintiff's expert witness lists were untimely under the Court's Scheduling Order). Because the Plaintiff violated Judge Williams' Scheduling Order and failed to comply with Rule 26(a)(2)(B), it is subject to the consequences set forth in Rule 37 unless its actions were "substantially justified" or "harmless."

The remaining question before this Court under Rule 37(c)(1) is thus whether the Plaintiff's failure was "substantially justified or [] harmless." *See* Fed. R. Civ. P. 37(c)(1). In its response, the Plaintiff attempts to justify its untimeliness and non-compliance with Rule 26(a)(2)(B) by arguing that: (1) it sought to keep its litigation costs low as it was waiting for Judge

5

Williams' ruling on the Defendants' Motion to Dismiss, ECF No. 45 at 3; (2) the Defendants failed to produce documents that were needed for the Plaintiff's experts to complete their reports,[3] ECF No. 45 at 4-5; and (3) the Defendants agreed to an extension of time for the Plaintiff to serve its expert witness list and further agreed to the filing of the amened expert witness list, ECF No. 45 at 5.

As to the first argument, this is not the first time that the Plaintiff has used this justification during the litigation. Approximately a week after the Plaintiff filed its response to the Defendants' Motion to Strike, ECF No. 45, the Plaintiff filed a Motion to Extend the Discovery Deadline, ECF No. 48. In that motion, the Plaintiff argued that it had been unable to "engage[] in full scale discovery" because it was awaiting Judge Williams' ruling on the Defendants' Motion to Dismiss. ECF No. 48 at 2-3. The Plaintiff explained that it had suffered "significant financial damages," which required the Plaintiff to be "prudent about prosecuting this case to mitigate its losses." ECF No. 48 at 2. Judge Williams, however, ruled that the "Plaintiff's stated reason for the extension does not constitute good cause" and did not warrant an extension.[4] ECF No. 58. In its response to the Motion to Strike, the Plaintiff again seeks to justify its untimeliness by arguing that it was trying to keep its litigation costs as low as possible while it waited for Judge Williams' ruling on the Defendants' Motion to Dismiss because it has already "suffered damages nearing or exceeding

---

[3] The Plaintiff has never established or even stated that it had taken appropriate steps to ensure that the Defendants' responses to the Plaintiff's request for production would be produced in time to be timely addressed by the Plaintiff's experts. ECF No. 21 at 2. On the contrary, it appears from the record that the Plaintiff did not serve its discovery on the Defendants until after September 23, 2022—less than 35 days before the deadline for its expert disclosures. ECF No. 48 at 2.

[4] Because the motion was unopposed, Judge Williams nonetheless granted a limited extension of the discovery deadline, ECF No. 58, and she later granted an additional extension of several other deadlines, but ruled that "[n]o further extension of time will be given" to the parties in this matter. ECF No. 64. No extensions were ever granted—or even requested—concerning expert disclosures and reports.

half a million dollars." ECF No. 45 at 3.  As Judge Williams' has previously ruled, however, these unilateral decisions not to comply with the Court's Scheduling Order in an effort to save money do not constitute good cause to alter pretrial deadlines and do not excuse non-compliance with the Court's Scheduling Order and Rule 26(a)(2)(B).

The Plaintiff's argument that its untimeliness and failure to comply with Rule 26(a)(2)(B) requirements were partly caused by the Defendants' failure to produce documents is unavailing. Even if the Plaintiff did not have documents that were needed by its experts, the Plaintiff offers no valid justification for why it did not propound discovery earlier and no explanation for why it did not move to compel or seek other relief from the Court to secure those documents in advance of the October 28, 2022, deadline.  ECF No. 21.  Rather, it appears that the Plaintiff did not act to ensure that it would obtain any needed records early enough that they could be reviewed by Plaintiff's experts and that Plaintiff could then disclose its experts and expert reports in a timely manner.  In fact, the Plaintiff did not file any motion to compel until April 17, 2023, ECF No. 76, almost six months after the expert disclosure deadline.  *See* ECF No. 21.

Lastly, the Plaintiff mentions in its response to the Motion to Strike that "[t]he Defendants' Attorneys all agreed" to an extension of time for the Plaintiff to file its expert witness list and further agreed to the Plaintiff's filing of the amended expert witness list.  ECF No. 45 at 5.  The Defendants admit that they conferred with the Plaintiff about such an extension and do not contest that they did not oppose a motion for extension of time, ECF No. 47 at 3, but the Plaintiff never filed a motion for that extension.  Judge Williams' Scheduling Order, however, unequivocally states that "[a]ny party seeking to change any of the [] deadlines must file a Motion to Continue or Motion for Extension of Time."  ECF No. 21 at 6.  Agreements between counsel are insufficient to extend the deadline for expert disclosures, and the Plaintiff never bothered to request an

7

extension of the deadline before the disclosures were due.

Finally, the Plaintiff's violation of Judge Williams' Scheduling Order and Rule 26(a)(2)(B) has prejudiced the Defendants. Specifically, because the Plaintiff failed to provide the Defendants with its experts' written reports, or any of the information required under Rule 26(a)(2)(B), the Defendants were unable to retain rebuttal expert witnesses and missed the deadline to exchange rebuttal expert witness summaries and reports. ECF No. 21. Additionally, the Plaintiff's non-compliance with Rule 26(a)(2)(B) has prevented the Defendants from conducting any meaningful expert witness discovery. Allowing the Plaintiff's experts to provide expert testimony at trial would force the Defendants to defend against the Plaintiff's claims without an opportunity to conduct adequate expert discovery to prepare for that testimony. The Plaintiff's untimeliness and non-compliance with Rule 26(a)(2)(B) was neither substantially justified nor harmless. Thus, the Plaintiff should be held to the consequences set forth in Rule 37(c)(1), and it should be precluded from offering testimony pursuant to Rules 702, 703, and 705 of the Federal Rules of Evidence.

### III. CONCLUSION

For the foregoing reasons, it is hereby **RECOMMENDED** that the Defendants' Motion to Strike, ECF No. 43, be **GRANTED**, and that the Plaintiff's expert witnesses should be precluded from offering testimony pursuant to Rules 702, 703, or 705 of the Federal Rules of Evidence.

Within fourteen (14) days from the date of receipt of this Report and Recommendation, the parties shall serve and file written objections, if any, to this Report and Recommendation with the Honorable Kathleen M. Williams, United States District Judge. Failing to file objections timely will bar a *de novo* determination by the District Judge of any issue addressed in the Report and Recommendation, will constitute a waiver of a party's "right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions," and will only allow appellate

review of the district court order "for plain error if necessary in the interests of justice." 11th Cir. R. 3-1; 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Henley v. Johnson*, 885 F.2d 790, 794 (11th Cir. 1989); *see also Harrigan v. Metro-Dade Police Dep't Station #4*, 977 F.3d 1185, 1191-92 (11th Cir. 2020).

**RESPECTFULLY RECOMMENDED** in chambers in Miami, Florida, this 14th day of June, 2023.

_____
EDUARDO I. SANCHEZ
UNITED STATES MAGISTRATE JUDGE

cc:   Hon. Kathleen M. Williams
      Counsel of Record